# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSE PARKS, )<br>)<br>    Movant, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | No. 4:14CV01122 ERW |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a Asecond or successive motion@ within the meaning of 28 U.S.C. '' 2244 & 2255 that has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and transferred to the Eighth Circuit Court of Appeals.

**Background**

On August 11, 2006, movant pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). *See U.S. v. Parks*, 4:06CR326 ERW (E.D.Mo.).

Movant was sentenced in conjunction with the Armed Career Criminal Act, 18 U.S.C. § 924(e), which imposes a mandatory fifteen-year prison term on an individual convicted of possession with intent to distribute heroin if that individual has "three previous convictions. . .for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Court counted as a predicate offense movant's prior Missouri conviction for escape from confinement, applied the ACCA's fifteen-year mandatory

1

prison term, and sentenced movant as a career offender to 151-months in prison.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, arguing that his prior Missouri conviction for escape from confinement was not a crime of violence. The Eighth Circuit affirmed movant's conviction and sentence. *See U.S. v. Parks*, 249 Fed. Appx. 484 (8th Cir. 2007).

Subsequently, the Supreme Court decided *Chambers v. United States*, 555 U.S. 122 (2009), holding that failure to report or return to confinement is not a violent felony. Movant thereafter filed a successful petition for certiorari, and the Supreme Court remanded movant's case to the Eighth Circuit for reconsideration in light of *Chambers*. *See Parks v. U.S.*, 555 U.S. 1132 (2009). The Eighth Circuit then remanded the case to this Court for further sentencing proceedings. *U.S. v. Parks*, 561 F.3d 795 (8th Cir. 2009).

This Court reaffirmed its prior sentence of 151-months, movant appealed, and the Eighth Circuit affirmed the Court's determination. *See U.S. v. Parks*, 620 F.3d 911 (8th Cir. 2010). The Supreme Court denied movant's petition for certiorari. *Parks v. U.S.*, 132 S.Ct. 125 (2011).

Movant filed his first motion for post-conviction relief, pursuant to 28 U.S.C. § 2255 on July 18, 2012. *See Parks v. U.S.*, No. 4:12CV1294 ERW (E.D. Mo.). Movant's motion was denied on the merits on July 31, 2013, and he did not file an appeal. *Id.*

## Discussion

Movant filed his second motion to vacate in this Court, through counsel, on June 19, 2014. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. ' 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. ' 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the

2

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Movant asserts, by separate motion for stay, that he is seeking permission to file a successive motion to vacate in the Eighth Circuit simultaneous with the instant filing. *See Parks v. U.S.*, No. 14-2474 (8th Cir. 2014). Thus, movant requests that the Court hold this action in abeyance "pending the Eighth Circuit's ruling on his request for certification to proceed with" his second petition for habeas corpus.[1] However, this Court lacks jurisdiction to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *U.S. v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998).

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant ' 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks. Rather than dismiss this action, the Court will deny movant relief, without prejudice, and transfer the motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. ' 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

---

[1] Movant's request for certification to file a second or successive habeas corpus petition is based on the recent Supreme Court ruling of *Descamps v. United States*, 133 S.Ct. 2276 (2013). As this Court understands it, movant's argument is that *Descamps* was a substantive holding involving statutory interpretation which announced a new rule that limited the type of prior convictions that can be classified as "violent felonies" under the ACCA. Movant asserts that application of the holding in *Descamps* to his case, as well as the recent Eighth Circuit case of *U.S. v. Tucker*, 740 F.3d 1177 (8th Cir. 2014), would vindicate his long-standing position that his escape conviction was not a crime of violence. This Court is aware that the Department of Justice has issued a nation-wide directive to federal prosecutors to not assert a non-retroactivity defense in collateral attacks. *See, e.g., Parker v. Walton*, No. 3:13CV1110 DRH-CJP, 2014 WL 1242401 (S.D.IL March 26, 2014). However, the waiver of such a defense by respondents in a first-filed habeas corpus petition in the District Court is a somewhat different procedural posture than a request by movant for permission to file a second or successive habeas corpus in the Court of Appeals. *See* 28 U.S.C. § 2255(h)(2).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that movant's motion to stay or hold the instant matter in abeyance [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the instant motion to vacate [ECF No. 1] is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. *See* 28 U.S.C. ' 2255.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. ' 1631.

So Ordered this 16th day of July, 2014.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**